# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PERCY R. BURNEY, SR.,

      Petitioner,  :  Case No. 2:21-cv-3422

  - vs -      Chief Judge Algenon L. Marbley
          Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution,

                   :
      Respondent.

## REPORT AND RECOMMENDATION

      This is a habeas corpus action under 28 U.S.C. § 2254, brought by Petitioner with the assistance of counsel[1]. Relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 10), and the Return of Writ (ECF No. 11). Upon ordering an answer, Magistrate Judge Vascura set a reply deadline of twenty-one days after the answer was filed (ECF No. 2, PageID 72). The Answer was filed and served January 3, 2022, making the reply deadline January 24, 2022. No reply was filed within the time allowed, making the case ripe for decision on the prior pleadings.

---

[1] The Petition is signed by Attorney David Axelrod, a member of the bar of this Court. It is also signed by Jonathan J. Einhorn who purports to be an attorney at law with offices in New Haven Connecticut. Mr. Einhorn is not a member of the bar of this Court, but lists himself as "proposed counsel *pro hac vice*." (Petition, ECF No. 1, PageID 32). Mr. Einhorn has neither sought nor obtained leave to appear *pro hac vice* in this case. Because no application to appear *pro hac vice* has ever been made by anyone on Mr. Einhorn's behalf, the Court treats Attorney Axelrod as the sole counsel for Petitioner.

1

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in this judicial District (ECF No. 12).

**Litigation History**

On March 14, 2014, the Franklin County Grand Jury indicted Petitioner in Case No. 14CR-1326 on one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32 (Count 1); one count of attempted murder in violation of Ohio Revised Code § 2923.02/2903.02, with two firearm specifications and a repeat violent offender specification (Count 2); two counts of Felonious Assault in violation of Ohio Revised Code § 2903.11 with two firearm specifications and a repeat violent offender specification (Counts 3-4); one count of tampering with evidence in violation of Ohio Revised Code § 2921.12 with a firearm specification (Count 5); two counts of trafficking in heroin in violation of Ohio Revised Code § 2925.03 with a firearm specification (Counts 12 and 15); one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13 (Count 16); two counts of trafficking in heroin in violation of Ohio Revised Code § 2925.03 with count 24 carrying a firearm specification (Counts 21, 24, 29, and 36); and two counts of illegal manufacture of drugs in violation of Ohio Revised Code § 2925.04 (Counts 22 and 37). (Indictment, Case No. 14CR-1326, State Court Record, ECF No. 10, Ex. 1).

On April 10, 2014, the Franklin County Grand Jury indicted Petitioner in Case No. 14CR-1824 on one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § R.C. 2923.32 (Count 1); one count of possession of heroin in violation of Ohio Revised Code § 2925.11 with a firearm specification (Count 8); one count of possession of cocaine in violation of Ohio Revised Code § 2925.11 with a firearm specification (Count 9); and six counts of having weapons while under disability in violation of Ohio Revised Code § 2923.13)(Counts 10-15).

(Indictment, Case No. 14CR-1824, State Court Record ECF No. 10, Ex. 3).

Finally, on May 30, 2014, the Franklin County Grand Jury indicted Petitioner in Case No. 14CR-2868 on one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § R.C. 2923.32 (Count 1). (Indictment, Case No. 14CR-2868 State Court Record ECF No. 10, Ex. 5).

Except for the weapons under disability counts, the case was tried to a jury which found Burney guilty on Count 1 (engaging in a pattern of corrupt activity), Count 8 (trafficking in heroin), Count 16 (trafficking in Heroin), Count 19 (trafficking in heroin) -- but not guilty on the firearm specification. The jury further found Burney guilty on Count 21 (trafficking in heroin), Count 30 (trafficking in heroin), Count 31 (illegal manufacturing of drugs), Count 38 (possession of heroin) with the firearm specification, Count 39 (possession of cocaine) and the firearm specification. Finally, the jury found Burney not guilty on Count 11 (trafficking in heroin), Count 17 (illegal manufacturing of drugs), Count 25 (attempted murder), and Counts 26 and 27 (felonious assault). (Verdict Forms, State Court Record ECF No. 10, Exhibit 21).  Burney tried the weapons charges to the bench and was found guilty.  He was then sentenced to an aggregate term of imprisonment of forty years.

Represented by new counsel, Burney appealed and the convictions was affirmed.  *State v. Burney*, 2020-Ohio-504 (Ohio App. 10th Dist. Feb. 13, 2020).  The Supreme Court of Ohio declined jurisdiction over a subsequent appeal.  *State v. Burney,* 159 Ohio St. 1408 (2020).

On January 23, 2017, Burney filed, with the assistance of counsel, a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Petition, State Court Record, ECF No. 10, Ex. 41).  The trial court denied the petition and Burney did not appeal. *Id.* at Ex. 47.

Burney filed his Petition for Writ of Habeas Corpus in this Court on June 9, 2021, pleading the following grounds for relief:

> **Ground One:** It was Uncertain if the Jury Verdicts were Unanimous.

3

>**Supporting Facts:** One juror indicated that she had been pressured by fellow jurors on some counts, had doubts about others and was not certain how she voted on others. The court granted a mistrial on some counts but not all counts, based upon the juror's uncertainty, pressure and confusion.
>
>**Ground Two:** The Court Erred in Failing to Dismiss the Racketeering Charge.
>
>**Supporting Facts:** Count 1 (the racketeering charge), failed to sufficiently allege the predicate offenses constituting the pattern of corrupt behavior. While Count 1 failed to allege the predicate offenses, the indictment referred to charges in another indictment, which did not name Burney. This did not constitute adequate notice to the defendant.
>
>**Ground Three:** The Court Erred when it Failed to Sever Co-Defendants.
>
>**Supporting Facts:** Evidence offered by a co-defendant prejudiced him, to wit, (1.) a detective called by a co-defendant, (2.) testimony of a cooperating witness pertaining to retaliation and (3.) a jail call discussing retaliation against a co-defendant.
>
>**Ground Four:** The Court Erred in Allowing Hearsay Testimony from a Co-Defendant.
>
>**Supporting Facts:** The Court permitted a co-defendant to testify that Burney told him he was going to dispose of a weapon that another defendant used in a shooting.
>
>**Ground Five:** The court Erred in not declaring a Mistrial based on Prosecutorial Misconduct.
>
>**Supporting Facts:** At closing argument, the state's attorney discussed the deadly effects of drugs, which was improper and inflammatory.

(Petition, ECF No. 1, PageID 5, 7, 8, and 10).

## Analysis

**Ground One: Lack of Juror Unanimity**

In his First Ground for Relief, Burney asserts he is entitled to a mistrial on all counts of conviction because it is not certain that the jury verdicts were unanimous. The face of the Petition does not relate this claim to any particular clause of the United States Constitution (ECF No. 1, PageID 5). The attached Memorandum repeats the vague claim from the appellate assignments of error that a trial court "constitutionally errs" when it accepts a non-unanimous verdict. *Id.* at PageID 21. However, the only federal constitutional law cited is *In re Winship*, 397 U.S. 358 (1970), which held the Due Process Clause required every fact needed for conviction to be proved beyond a reasonable doubt and has no holding on the issue of jury unanimity. The other cases cited are holdings requiring unanimity under the Ohio Constitution.

Respondent asserts this claim should be dismissed because it fails to state a claim upon which relief can be granted in habeas corpus. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

The trial court accepted the verdict in this case on February 5, 2015 (See Judgment Entry, State Court Record, ECF No. 10, Ex. 26, PageID 302). As of that date, a non-unanimous verdict did not violate the United States Constitution. *Apodaca v. Oregon*, 406 U.S. 404 (1972). On April 20, 2020, the United States Supreme Court overruled *Apodaca* and incorporated the federal unanimous verdict requirement of the Sixth Amendment into the Fourteenth Amendment Due Process Clause. *Ramos v. Louisiana*, 590 U. S. ___, 140 S. Ct. 1390 (2020). However, a year later the Court held the jury unanimity rule adopted in *Ramos* does not apply retroactively to cases on collateral review. *Edwards v. Vannoy*, 593 U.S. ___, 141 S. Ct. 1547 (2021).

What counts as constitutional law for habeas corpus purposes is the law announced in the holdings of the United States Supreme Court as of the time of the relevant state court decision. *White v. Woodall*, 572 U. S. 415 (2014). On the date the relevant verdicts were accepted in this case (February 5, 2015), non-unanimous verdicts were not federally unconstitutional.

The fact that unanimous criminal verdicts were required by the Ohio Constitution in 2015 is not relevant to this case. A state cannot be said to have a federal due process obligation to follow all of its own procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993). This Court is also bound, however, to accept the conclusion of the Ohio Tenth District Court of Appeals that the relevant verdicts did not violate the Ohio Constitution. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

This conclusion elides any necessity for analysis of whether the relevant verdicts were or were not unanimous; assuming they were not, accepting them did not violate the United States Constitution.

Burney's First Ground for Relief should be dismissed for failure to state a claim upon which

habeas corpus relief can be granted.

**Ground Two:  Defective Indictment**

In his Second Ground for Relief, Burney asserts he was convicted on an indictment which did not properly advise him of the charges against him.  Burney raised this claim as his First Assignment of Error on direct appeal and the Tenth District decided it as follows:

> {¶ 48} In Burney's first assignment of error, Burney argues the trial court abused its discretion and constitutionally erred when it denied his motion to dismiss the charge in Count 1, engaging in a pattern of corrupt activity, and denied his motions for mistrial and acquittal on that charge. Among the due process protections enumerated in Article I, Section 10 of the Ohio Constitution is the following: "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." The purposes of an indictment are to give an accused adequate notice of the charge and to enable an accused to protect himself from any future prosecutions for the same incident. *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, ¶ 7, citing *Weaver v. Sacks*, 173 Ohio St. 415, 417 (1962); *State v. Sellards*, 17 Ohio St.3d 169, 170 (1985). The Supreme Court has held:
>
>> The sufficiency of an indictment is subject to the requirements of Crim.R. 7 and the constitutional protections of the Ohio and federal Constitutions. Under Crim.R. 7(B), an indictment "may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged."
>>
>> An indictment meets constitutional requirements if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or

7

conviction in bar of future prosecutions for the same offense."

*Buehner* at ¶ 8-9, quoting *State v. Childs*, 88 Ohio St.3d 558, 564-65 (2000), quoting *Hamling v. United States*, 418 U.S. 87, 117-18 (1974).

{¶ 49} In the present case, Burney raises three arguments under his first assignment of error with regard to Count 1, engaging in a pattern of corrupt activity: (1) Count 1 failed to sufficiently allege the predicate offenses constituting the pattern of corrupt activity; (2) Count 1 failed to provide adequate notice and violated due process; and (3) the failure to obtain guilty verdicts on some of the predicate offenses requires an acquittal on Count 1.

{¶ 50} The first two arguments are related and will be addressed together. With regard to the first argument, that Count 1 failed to allege any predicate offenses constituting the pattern of corrupt activity, Burney asserts the indictment improperly relied on only one charge in the same indictment and the charges in other indictments as predicate offenses. Burney contends that the indictment referenced in Count 2 of the same indictment, but Burney was not named in Count 2. Burney also contends the indictment indicated it was incorporating offenses from another indictment, none of which named Burney. With regard to the second argument, Burney argues that incorporating other indictments violates his right to notice and due process. Burney claims that, in preparing for trial and defending the case, he was left to guess what conduct the state would allege was illegal.

{¶ 51} The language in the indictment tracked the language contained in R.C. 2923.32(A)(1), which is entitled "Engaging in pattern of corrupt activity; forfeiture." The indictment also then indicated it was incorporating "each" of the offenses indicted in case Nos. 14CR-1315, 14CR-1825, and Count 2 of the indictment as predicate offenses for Count 1. Count 2 of the indictment was based on obstructing justice under R.C. 2921.32 and listed only one co-defendant's name but not Burney's name.

{¶ 52} We find the indictment here complies with the requirements enunciated in *Buehner*. The indictment: (1) is in the words of the statute, R.C. 2923.32; (2) is in words sufficient to give Burney notice of all the elements of the offense of engaging in a pattern of corrupt activity; and (3) enables Burney to plead an acquittal or conviction in bar of future prosecutions for the same offense under R.C. 2923.32. Here, Burney had adequate notice of the predicate

8

offenses because the indictment indicated it was incorporating "each" of the offenses indicted in case Nos. 14CR-1315, 14CR-1825, and Count 2 of the indictment as predicate offenses for Count 1. By incorporating "each" offense, it was incorporating every applicable offense, as well as Count 2 in the same indictment. The state did not rely on any offenses not listed in case Nos. 14CR-1315, 14CR-1825, and Count 2.

{¶ 53} The trial court indicated at a pre-trial hearing it did not have a problem with a predicate offense being incorporated by reference as long as the defendant had ready access to it. At trial, the court reiterated that Count 1 was sufficient because the state had incorporated each of the offenses from the other two cases as predicate offenses, "so the defendants are on notice as to those predicate offenses." The state also filed an additional bill of particulars during trial, which included an e-mail inviting defense counsel to inform the state if further elaboration was necessary. The court subsequently found this amended bill of particulars provided sufficient notice.

{¶ 54} Furthermore, the bill of particulars filed here indicated "See Response to Request for Discovery for further information." At a pre-trial hearing, the prosecutor offered Burney's counsel to come to the prosecutor's office and review the discovery to work through various things, which the trial court noted was "unprecedented." At the same pre-trial hearing, Burney's counsel admitted that he had numerous communications with the prosecutor regarding the evidence in the case, and the prosecutor indicated that, instead of preparing a more specific bill of particulars in writing, the state provided "open file discovery" and offered "the opportunity to come in and go over it with [defense counsel]." The court called the prosecutor's offer to compile and organize all of the evidence to share with defense counsel a "de factor bill of particulars" that went "far beyond * * * the idea of an amendment to the bill of particulars."

{¶ 55} Based on the above, we conclude Count 1 of the indictment was not defective, but even if it did not give sufficient notice of the predicate offenses, Burney was given sufficient notice of the predicate offenses through open file discovery, the amended bill of particulars, and "unprecedented" prosecutorial cooperation, so as to render any defect not prejudicial. *See*, *e.g.*, *State v. Henson*, 6th Dist. No. L-17-1312, 2019-Ohio-229, ¶ 29 (because the indictment tracked the statutory language, the defendant had access to open file discovery, Crim.R. 7(D) allowed for the allegedly defective charging documents to be amended, and the predicate offense was

> clarified through a bill of particulars, the defendant could not demonstrate he was prejudiced by the alleged defect in the indictment); *State v. Renfroe*, 6th Dist. No. L-12-1146, 2013-Ohio-5179, ¶ 25 (even if the indictment was defective, the defendant was provided with open file discovery; thus, the failure to provide an amended bill of particulars was harmless), citing *State v. Evans*, 2d Dist. No. 20794, 2006-Ohio-1425, ¶ 24 (when the state allows open file discovery, a bill of particulars is not required); *State v. Dixon*, 10th Dist. No. 09AP-473, 2009-Ohio-6057, ¶ 5-6 (the indictment was not defective when the indictment listed the statutes the defendant was accused of violating and the defendant had notice of the charges and the elements of those charges; additional information about the elements of the statutes and the evidence against the defendant were available through pursuit of a bill of particulars and criminal discovery). Accordingly, these arguments are without merit.
>
> {¶ 56} With regard to the third argument, that the failure to obtain guilty verdicts on some of the predicate offenses required an acquittal on Count 1, Burney asserts that Count 1 was dependent on his committing two or more predicate offenses listed in R.C. 2923.31(I). Burney contends that, because the state failed to list any predicate offenses in the indictment, he defended on all claims, but, at trial, the state seemed to focus on attempted murder and two counts of felonious assault as predicate offenses to Count 1. Because the jury found him not guilty of those three offenses, Burney argues, one element of Count 1 could not be established and he could not be convicted of Count 1.
>
> {¶ 57} As we indicated above, case No. 14CR-2868 incorporated by reference "each" of the offenses indicted in case Nos. 14CR-1315 and 14CR-1825, as well as Count 2 of the same indictment, as predicate offenses for Count 1. However, R.C. 2923.31(E) requires the state prove only two or more incidents of corrupt activity, regardless of whether Burney was acquitted or a mistrial was declared on any other number of predicate offenses. The jury found Burney guilty of three counts of trafficking in heroin, illegal manufacture of drugs, possession of heroin, and possession of cocaine, which all constitute an incident of "corrupt activity," pursuant to R.C. 2923.31(I)(2)(c) and could have provided the requisite predicate offenses. Therefore, this argument is without merit. For these reasons, we overrule Burney's first assignment of error.

*State v. Burney, supra.*

10

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

As pointed out in the Return, the Grand Jury Clause of the Fifth Amendment is not applicable to the States; it has not been "incorporated" into the Due Process Clause. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result). "[T]here is no constitutional right in a state prosecution to a grand jury indictment with particular specificity." *Id.* at 534, citing *Rose v. Mitchell*, 443 U.S. 545, 557, n. 7 (1979). "Due process mandates only that the indictment provide the defendant with 'fair notice of the charges against him to permit adequate preparation of his defense.'" *Williams* at 535, quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

*Russell v. United States*, 369 U.S. 749 (1962), holds the sufficiency of an indictment is to be measured by the following criteria:

> These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

369 U.S. at 763-64. While the right to grand jury indictment has not been extended to the States,

11

these criteria are applicable as a matter of due process. *Valentine v. Konteh,* 395 F.3d 626, 631 (6th Cir. 2005), *citing De Vonish v. Keane,* 19 F.3d 107, 108 (2nd Cir. 1994); *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992); see also *Isaac v. Grider*, 211 F.3d 1269 (6th Cir. 2000); *Parks v. Hargett,* 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *3 (10th Cir. 1999).

The Tenth District concluded Burney had received adequate notice of the charges against him to allow him to defend and nothing in Burney's Memorandum in Support refutes that analysis. Instead, he focuses on Ohio law requirements for pleading predicate offenses in an indictment (Memorandum, ECF No. 1-1, PageID 27-30). That holding is entitled to deference under 28 U.S.C. § 2254(d)(2) because it has not been shown to be an unreasonable determination of the facts on the basis of the evidence presented in the Ohio courts. Ground Two should therefore be dismissed.

**Ground Three:  Failure to Sever**

In his Third Ground for Relief, Burney claims he was constitutionally entitled to severance of his trial from his co-defendants.

Respondent asserts this claim is procedurally defaulted because it was never fairly presented to the Ohio courts in that it was abandoned on appeal to the Supreme Court of Ohio (Memorandum, State Court Record, ECF No. 11, Ex. 37, PageID 778). Burney has filed no reply to this defense.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an adequate and independent state

> procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise in federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

An examination of Petitioner's Memorandum in Support of Jurisdiction in the Supreme Court of Ohio reveals that this claim was not brought forward from the Tenth District

13

(Memorandum, State Court Record, ECF No. 11, Ex. 37, PageID 539). Petitioner has offered no excusing cause and prejudice. He cannot claim that ineffective assistance of appellate counsel is excusing cause because criminal defendants do not have a Sixth Amendment right to counsel at the state supreme court level. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel, there can be no deprivation of effective counsel); *Riggins v. Turner,* 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh,* 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

The Magistrate Judge concludes Ground Three is procedurally defaulted for failure to present it to the Supreme Court of Ohio and should be dismissed on that basis.

**Ground Four: Allowance of Hearsay Testimony**

In his Fourth Ground for Relief, Petitioner claims he was deprived of his constitutional rights when the trial court allowed a co-defendant to testify about a statement Burney made. Burney did not argue this claim in the Memorandum in Support of the Petition.

Respondent asserts this claim is procedurally defaulted on the same basis as Ground Three, to wit, that it was raised in the court of appeals but not carried forward to the Supreme Court of Ohio (Return, ECF No. 11, PageID 778). A review of the Memorandum in Support of Jurisdiction confirms the correctness of this claim (Memorandum, State Court Record, ECF No. 11, Ex. 37, PageID 778). Ground Four is therefore procedurally defaulted on the same basis as Ground Three

14

and should be dismissed.

**Ground Five: Failure to Declare A Mistrial Relating to Prosecutorial Misconduct**

In his Fifth Ground for Relief, Petitioner claims he was denied a fair trial by prosecutorial misconduct, a comment made in closing about the deadly effect of drugs (Petition, ECF No. 1, PageID 10). In the Memorandum in Support, he phrases the claim as "a trial court constitutionally errs by overuling [sic] a motion for mistrial when the prosecutor states in closing argument that the effect of selling drugs is killing people." (ECF No. 1-1, PageID 16).

Burney presented this claim as his Fourth Assignment of Error on direct appeal and the Tenth District decided it as follows:

> {¶ 66} Burney argues in his fourth assignment of error that the trial court erred when it failed to grant a mistrial based on prosecutorial misconduct. He contends that certain statements made by the prosecutor during closing about the deadly effects of drugs were misconduct and that a mistrial should have been granted. " 'The test for prosecutorial misconduct during closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights.' " *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 96, quoting *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 198; *see also State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, ¶ 162, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 121.
>
> * * *
>
> {¶ 68} The prosecution had introduced no testimony regarding the health effects of heroin or drug dealing. It also had not introduced evidence to tie any drugs sold by any defendant to any overdose or other drug-related death. Thus, the prosecutor's argument assumed facts not in evidence and was, in that sense, arguably improper and somewhat inflammatory. Yet, we do not find it necessary to further address that point because we do not find prejudice to Burney's substantial rights. This was a single remark which was uttered one time in nearly 70 pages of closing argument by the state in the larger

15

> context of a four-week trial comprising a transcript of several thousand pages. Moreover, the content of the remark likely did not inject into the minds of the jurors any ideas with which they were not already acquainted concerning the illegal drug, heroin. Therefore, we overrule Burney's fourth assignment of error.

*State v. Burney, supra.*

Respondent argues the Tenth District's decision is a reasonable application of the controlling United States Supreme Court precedent. Respondent notes the prevailing federal standard: to prevail on a prosecutorial misconduct claim a habeas petitioner must show the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). "Even if the prosecutor's conduct was 'undesirable or even universally condemned,' [the habeas court] can only provide relief if the [conduct was] so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The reviewing court's focus in a claim of prosecutorial misconduct is "the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). A prosecutor's alleged misconduct must be examined within the context of the entire trial to determine whether it deprived a defendant of a fair trial. *United States v. Young*, 470 U.S. 1, 11-12 (1985).

The Tenth District's decision on the prosecutorial misconduct claim is perfectly consistent with this precedent. The statement about the deadly effect of drugs was isolated, made once in a seventy-page closing argument after a four-week trial and certainly did not introduce any idea that would not have been in the minds of most Americans: deaths from heroin overdoses are in the news daily.

Because the Tenth District's decision is not an unreasonable application of relevant Supreme Court precedent, it is entitled to deference under 28 U.S.C. § 2254(d)(1). The Fifth Ground for Relief should therefore be denied on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 4, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #