# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PERCY R. BURNEY, SR.,

        Petitioner,       :       Case No. 2:21-cv-3422

- vs -                             Chief Judge Algenon L. Marbley
                                   Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution,

                                             :

        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case under 28 U.S.C. § 2254 is brought by Petitioner Percy R. Burney, Sr., with the assistance of counsel to obtain relief from his conviction in the Franklin County Court of Common Pleas on various assault, drug, and weapons charges and consequent sentence of forty years imprisonment. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11) and Petitioner's Reply (ECF No. 24).

**Litigation History**

The relevant charges are in three different indictments. On March 14, 2017, the Franklin County Grand Jury indicted Burney in Case No. 14CR-1326 on one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code § R.C. 2923.32(Count 1); one count of Attempted Murder in violation of Ohio Revised Code § R.C. 2923.02/2903.02, a first-degree

1

felony with two firearm specifications and a Repeat Violent Offender (RVO) specification (Count 2); two counts of Felonious Assault in violation of Ohio Revised Code § 2903.11, second-degree felonies with two firearm specifications and a Repeat Violent Offender (RVO) specification (Counts 3-4); one count of Tampering with Evidence in violation of Ohio Revised Code § 2921.12, a third-degree felony with a firearm specification (Count 5); two counts of Trafficking in Heroin in violation of Ohio Revised Code § 2925.03, second-degree felonies with count 15 with a firearm specification (Counts 12 and 15); one count of Having Weapons While Under Disability in violation of Ohio Revised Code § 2923.13, a third-degree felony (Count 16); two counts of Trafficking in Heroin in violation of Ohio Revised Code § 2925.03, first-degree felonies with count 24 with a firearm specification (Counts 21, 24, 29 and 36); and two counts of Illegal Manufacture of Drugs in violation of Ohio Revised Code § 2925.04, second-degree felonies (Counts 22 and 37). (Indictment, Case No. 14CR-1326, State Court Record ECF No. 10, Exhibit 1).

On April 10, 2017, the Franklin County Grand Jury indicted Burney in 14CR-1824 on one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code § 2923.32, a first-degree felony (Count 1); one count of Possession of Heroin in violation of Ohio Revised Code § 2925.11, a second-degree felony with a firearm specification (Count 8); one count of Possession of Cocaine in violation of Ohio Revised Code § R.C. 2925.11, a third-degree felony with a firearm specification (Count 9); and six counts of Having Weapons While Under Disability in violation of Ohio Revised Code § 2923.13, third-degree felonies (Counts 10-15). (Indictment, Case No. 14CR-1824, State Court Record 10, Exhibit 3).

On May 30, 2017, the Franklin County Grand Jury indicted Burney in 14CR-2868 on one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code § 2923.32,

a first-degree felony (Count 1)(Indictment, Case No. 14CR-2868, State Court Record, ECF No. 10, Exhibit 5).

After he was convicted by a jury on some but not all counts, Burney appealed to the Tenth District Court of Appeals which affirmed. *State v. Burney,* 2020-Ohio-504 (10th Dist. Feb. 13, 2020). The Supreme Court of Ohio declined jurisdiction of a subsequent appeal. *State v. Burney,* 159 Ohio St. 3d. 1408 (2020).

Burney filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 on January 23, 2017 (Petition, State Court Record, ECF No. 10, Ex. 41). The Common Pleas Court denied the Petition and Burney did not appeal.

Through counsel, Burney filed his habeas corpus petition in this Court on June 9, 2021, pleading the following grounds for relief:

> **GROUND ONE:** It was Uncertain if the Jury Verdicts were Unanimous.
>
> **Supporting Facts:** One juror indicated that she had been pressured by fellow jurors on some counts, had doubts about others and was not certain how she voted on others. The court granted a mistrial on some counts but not all counts, based upon the juror's uncertainty, pressure and confusion.
>
> **GROUND TWO:** The Court Erred in Failing to Dismiss the Racketeering Charge.
>
> **Supporting Facts:** Count 1 (the racketeering charge), failed to sufficiently allege the predicate offenses constituting the pattern of corrupt behavior. While Count 1 failed to allege the predicate offenses, the indictment referred to charges in another indictment, which did not name Burney. This did not constitute adequate notice to the defendant.
>
> **GROUND THREE:** The Court Erred when it Failed to Sever Co-Defendants.

>**Supporting Facts:** Evidence offered by a co-defendant prejudiced him, to wit,(1.) a detective called by a co-defendant, (2.) testimony of a cooperating witness pertaining to retaliation and (3.) a jail call discussing retaliation against a co-defendant.
>
>**GROUND FOUR:** The Court Erred in Allowing Hearsay Testimony from a Co-Defendant.
>
>**Supporting Facts:** The Court permitted a co-defendant to testify that Burney told him he was going to dispose of a weapon that another defendant used in a shooting.
>
>**GROUND FIVE:** The court Erred in not declaring a Mistrial based on Prosecutorial Misconduct.
>
>**Supporting Facts:** At closing argument, the state's attorney discussed the deadly effects of drugs, which was improper and inflammatory.

(ECF No. 1, Petition, at PageID 5-10).

However in his Memorandum in Support Petitioner set forth only the following claims:

>**Argument No.1:**
>
>A Trial Court Plainly Errs and Constitutionally Errs by Failing to Grant a Mistrial in the Face of Uncertainty and Contingency as to the whether the Jury Reached Unanimous verdicts
>
>**Argument No. II:**
>
>A Trial Court Abuses its Discretion and Constitutionally Errs by Denying a Motion to Dismiss a Racketeering Charge for Failure to List which Offenses of R. C.2923.31(1)(2) are Alleged to Constitute the Defendant's Two or More Predicate Corrupt Activities.
>
>**Argument No. III:**
>
>A Trial Court Constitutionally Errs by Overuling [sic] a Motion for Mistrial when the Prosecutor States in Closing Argument that the "Effect of Selling Drugs is Killing People"

(Petition, ECF No. 1, PageID 16).  In his Reply Petitioner states he "chose three arguments to brief as

4

set forth in his memorandum at ECF. No.1." (ECF No. 24, PageID 823, n. 1). The Court accordingly treats Grounds Three and Four as abandoned.

# Analysis

**Ground One:  Uncertainty About Jury Unanimity**

In his First Ground for Relief, Burney claims the trial court should have granted a mistrial as to all counts of conviction because it was uncertain that the jury had reached unanimous verdicts on all of them. The decision of the Tenth District Court of Appeals, however, reflects considerably more complexity in the process.  After the verdicts were announced, defendants requested that the jury be polled; only Juror No. 7's responses were examined further.  She was examined at length and the results of that examination are reported as follows:

> {¶ 29} In this case, the jury initially announced verdicts finding Burney guilty of Count 1 (engaging in a pattern of corrupt activity); Counts 8, 16, 19, 21, and 30 (heroin trafficking); Count 31 (manufacture of drugs); and Counts 38 and 39 (heroin and cocaine possession, respectively). Thereafter, the defendants, including Burney, requested the jury be polled.
>
> {¶ 30} As explained above, during the juror poll, Juror No. 7 indicated she had been pressured by her fellow jurors on a number of counts, had doubts as to others, and was confused about how she voted on others. Juror No. 7 kept detailed notes regarding her deliberations on all of the counts, although those notes are not part of the record on appeal.
>
> {¶ 31} Initially, it is important to note that, in his fifth assignment of error, Burney does not raise a specific unanimity challenge to the guilty verdict on any of the counts. Instead, Burney maintains that because Juror No. 7 expressed misgivings about her guilty verdict on certain counts, the trial court committed plain error by failing to declare a mistrial on all counts.

> {¶ 47} Burney argues the trial court should have declared a mistrial on all counts based on the notion that the pressure on Juror No. 7 was pervasive to the point that none of the verdicts reached could be considered valid. We disagree. With regard to some counts, Juror No. 7 indicated she felt pressured and recounted there was "a big fight about this" that left her "upset" and "crying." She indicated she had "[r]eal issues" with some counts. She also indicated some uncertainty, or at least initial uncertainty, with respect to some counts. She expressed confusion with respect to how she voted on a number of counts. She also indicated she voted "not guilty" on one count when the verdict forms reflect a guilty finding and that she voted "guilty" on one count when the verdict forms reflect a not guilty finding. She also expressed she was confused and that "all the charges [were] running together." However, with respect to many counts she did not indicate any lasting problems. At the conclusion of the discussion of her verdicts, the following conversation took place:
>
>> THE COURT: Okay. All right. Very good. As long as you're up here then, for those things that you said yes, those are your verdicts, those are freely, voluntarily entered by you, and the other ones you just felt you were pressured? Is that a fair statement?
>>
>> JUROR 7: Yes.
>>
>> THE COURT: Those are your verdicts, and the other ones you're not sure?
>>
>> JUROR 7: Yes.
>
> (Tr. at 4377-78.) In short, while the record in this case evidences a significant level of confusion on the part of all involved, not every count was rendered defective as a result. We find no error in the trial court's decision to take Juror No. 7's statements at face value and hold that some of the counts reflected her free and voluntary verdicts. Therefore, we overrule Burney's fifth assignment of error.

*State v. Burney, supra.*

As Petitioner emphasizes, this portion of the Tenth District's decision drew a dissent from Judge (now Justice) Jennifer Brunner. She agreed with the authority cited by the majority that an Ohio criminal verdict must be unanimous and when the jury polling process reflects uncertainty

6

about unanimity, it is the trial judge's duty to resolve that uncertainty. She disagreed with the majority's conclusion that that trial judge had completed that task satisfactorily and would have reversed Burney's convictions on Counts 1, 19, and 21. *State v. Burney, supra*, at ¶ 83.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

The jury returned its verdicts in this case on February 4, 2015 (State Court Record, ECF No. 10, Ex. 21). The United States Supreme Court did not extend the Sixth Amendment jury unanimity right to the States through the Fourteenth Amendment until *Ramos v. Louisiana*, 590 U. S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), overruling *Apodaca v. Oregon*, 406 U.S. 404 (1972). Moreover, it decided the next term that *Ramos* would not apply to cases on collateral review. *Edwards v. Vannoy*, 593 U.S. ___, 141 S. Ct. 1547 (2021).

Ohio does require jury unanimity in criminal cases. *Burney, supra,* citing *Work v. State*, 2 Ohio St. 296, 306 (1853). However, failure to abide by state law, including state constitutional law, is not itself a federal constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation

7

to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).  This Court lacks authority to compel the Ohio courts to adopt certain procedures to ensure unanimity in Ohio jury verdicts.  Ohio's failure to use the unanimity assurance procedures Justice Brunner advocates in her dissent does not make the Tenth District's decision contrary to or an objectively unreasonable application of clearly established Supreme Court precedent.  Burney's Ground One should be dismissed with prejudice for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Two:  Insufficiency of the Indictment's Racketeering Count**

In his Second Ground for Relief, Burney asserts the racketeering count of the Indictment is constitutionally deficient for failure to allege which violations of Ohio Revised Code § 2923.31 are alleged to constitute predicate corrupt activities.  He presented this claim on direct appeal to the Tenth District as his First Assignment of Error, which that court decided as follows:

> {¶ 49} In the present case, Burney raises three arguments under his first assignment of error with regard to Count 1, engaging in a pattern of corrupt activity: (1) Count 1 failed to sufficiently allege the predicate offenses constituting the pattern of corrupt activity; (2) Count 1 failed to provide adequate notice and violated due process; and (3) the failure to obtain guilty verdicts on some of the predicate offenses requires an acquittal on Count 1.
>
> {¶ 50} The first two arguments are related and will be addressed together. With regard to the first argument, that Count 1 failed to allege any predicate offenses constituting the pattern of corrupt activity, Burney asserts the indictment improperly relied on only one charge in the same indictment and the charges in other indictments as predicate offenses. Burney contends that the indictment

referenced in Count 2 of the same indictment, but Burney was not named in Count 2. Burney also contends the indictment indicated it was incorporating offenses from another indictment, none of which named Burney. With regard to the second argument, Burney argues that incorporating other indictments violates his right to notice and due process. Burney claims that, in preparing for trial and defending the case, he was left to guess what conduct the state would allege was illegal.

{¶ 51} The language in the indictment tracked the language contained in R.C. 2923.32(A)(1), which is entitled "Engaging in pattern of corrupt activity; forfeiture." The indictment also then indicated it was incorporating "each" of the offenses indicted in case Nos. 14CR-1315, 14CR-1825, and Count 2 of the indictment as predicate offenses for Count 1. Count 2 of the indictment was based on obstructing justice under R.C. 2921.32 and listed only one co-defendant's name but not Burney's name.

{¶ 52} We find the indictment here complies with the requirements enunciated in *Buehner*. The indictment: (1) is in the words of the statute, R.C. 2923.32; (2) is in words sufficient to give Burney notice of all the elements of the offense of engaging in a pattern of corrupt activity; and (3) enables Burney to plead an acquittal or conviction in bar of future prosecutions for the same offense under R.C. 2923.32. Here, Burney had adequate notice of the predicate offenses because the indictment indicated it was incorporating "each" of the offenses indicted in case Nos. 14CR-1315, 14CR-1825, and Count 2 of the indictment as predicate offenses for Count 1. By incorporating "each" offense, it was incorporating every applicable offense, as well as Count 2 in the same indictment. The state did not rely on any offenses not listed in case Nos. 14CR-1315, 14CR-1825, and Count 2.

{¶ 53} The trial court indicated at a pre-trial hearing it did not have a problem with a predicate offense being incorporated by reference as long as the defendant had ready access to it. At trial, the court reiterated that Count 1 was sufficient because the state had incorporated each of the offenses from the other two cases as predicate offenses, "so the defendants are on notice as to those predicate offenses." The state also filed an additional bill of particulars during trial, which included an e-mail inviting defense counsel to inform the state if further elaboration was necessary. The court subsequently found this amended bill of particulars provided sufficient notice.

9

{¶ 54} Furthermore, the bill of particulars filed here indicated "See Response to Request for Discovery for further information." At a pre-trial hearing, the prosecutor offered Burney's counsel to come to the prosecutor's office and review the discovery to work through various things, which the trial court noted was "unprecedented." At the same pre-trial hearing, Burney's counsel admitted that he had numerous communications with the prosecutor regarding the evidence in the case, and the prosecutor indicated that, instead of preparing a more specific bill of particulars in writing, the state provided "open file discovery" and offered "the opportunity to come in and go over it with [defense counsel]." The court called the prosecutor's offer to compile and organize all of the evidence to share with defense counsel a "de factor bill of particulars" that went "far beyond * * * the idea of an amendment to the bill of particulars."

{¶ 55} Based on the above, we conclude Count 1 of the indictment was not defective, but even if it did not give sufficient notice of the predicate offenses, Burney was given sufficient notice of the predicate offenses through open file discovery, the amended bill of particulars, and "unprecedented" prosecutorial cooperation, so as to render any defect not prejudicial. *See*, *e.g.*, *State v. Henson*, 6th Dist. No. L-17-1312, 2019-Ohio-229, ¶ 29 (because the indictment tracked the statutory language, the defendant had access to open file discovery, Crim.R. 7(D) allowed for the allegedly defective charging documents to be amended, and the predicate offense was clarified through a bill of particulars, the defendant could not demonstrate he was prejudiced by the alleged defect in the indictment); *State v. Renfroe*, 6th Dist. No. L-12-1146, 2013-Ohio-5179, ¶ 25 (even if the indictment was defective, the defendant was provided with open file discovery; thus, the failure to provide an amended bill of particulars was harmless), citing *State v. Evans*, 2d Dist. No. 20794, 2006-Ohio-1425, ¶ 24 (when the state allows open file discovery, a bill of particulars is not required); *State v. Dixon*, 10th Dist. No. 09AP-473, 2009-Ohio-6057, ¶ 5-6 (the indictment was not defective when the indictment listed the statutes the defendant was accused of violating and the defendant had notice of the charges and the elements of those charges; additional information about the elements of the statutes and the evidence against the defendant were available through pursuit of a bill of particulars and criminal discovery). Accordingly, these arguments are without merit.

{¶ 56} With regard to the third argument, that the failure to obtain guilty verdicts on some of the predicate offenses required an acquittal on Count 1, Burney asserts that Count 1 was dependent on

10

> his committing two or more predicate offenses listed in R.C. 2923.31(I). Burney contends that, because the state failed to list any predicate offenses in the indictment, he defended on all claims, but, at trial, the state seemed to focus on attempted murder and two counts of felonious assault as predicate offenses to Count 1. Because the jury found him not guilty of those three offenses, Burney argues, one element of Count 1 could not be established and he could not be convicted of Count 1.
>
> {¶ 57} As we indicated above, case No. 14CR-2868 incorporated by reference "each" of the offenses indicted in case Nos. 14CR-1315 and 14CR-1825, as well as Count 2 of the same indictment, as predicate offenses for Count 1. However, R.C. 2923.31(E) requires the state prove only two or more incidents of corrupt activity, regardless of whether Burney was acquitted or a mistrial was declared on any other number of predicate offenses. The jury found Burney guilty of three counts of trafficking in heroin, illegal manufacture of drugs, possession of heroin, and possession of cocaine, which all constitute an incident of "corrupt activity," pursuant to R.C. 2923.31(I)(2)(c) and could have provided the requisite predicate offenses. Therefore, this argument is without merit. For these reasons, we overrule Burney's first assignment of error.

*State v. Burney, supra.*

As the prior discussion indicates, the Supreme Court has only recently extended the federal jury unanimity requirement to the States and not on a retroactive basis. See *Ramos* and *Edwards, supra*. In contrast, the Court has never extended the right to grand jury indictment to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result). "[T]here is no constitutional right in a state prosecution to a grand jury indictment with particular specificity." *Id.* at 534, citing *Rose v. Mitchell*, 443 U.S. 545, 557, n. 7 (1979). "Due process mandates only that the indictment provide the defendant with 'fair notice of the charges against him to permit adequate preparation of his defense.'" *Williams* at 535, quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

11

Burney did not argue this claim in the Tenth District in terms of federal constitutional precedent. Instead, he argued the indictment did not conform to binding Ohio precedent in *State v. Buehner*, 110 Ohio St.3d 403 (2005). The Tenth District held the indictment did comply with *Buehner* and in any event "Burney was given sufficient notice of the predicate offenses through open file discovery, the amended bill of particulars, and "unprecedented" prosecutorial cooperation, so as to render any defect not prejudicial." *Burney* at ¶ 55. There is no Supreme Court precedent that clearly establishes the due process notice requirements for criminal pleading cannot be met by incorporation of elements from other documents, a bill of particulars, and/or open discovery. Burney's Second Ground for Relief is without merit.

**Ground Three: Prosecutorial Misconduct**

In his Third Ground for Relief, Burney claims his constitutional right to a fair trial was violated by the prosecutor's comment in closing argument about the deadly effects of engaging in selling drugs as an occupation.

Burney presented this claim on direct appeal to the Tenth District which decided the claim as follows:

> {¶ 66} Burney argues in his fourth assignment of error that the trial court erred when it failed to grant a mistrial based on prosecutorial misconduct. He contends that certain statements made by the prosecutor during closing about the deadly effects of drugs were misconduct and that a mistrial should have been granted. " 'The test for prosecutorial misconduct during closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights.' " *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 96, quoting *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 198; *see also State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, ¶ 162, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 121.

12

{¶ 67} During opening statements in this case, the prosecution made comments about one defendant supporting her lifestyle through involvement with one of the other defendants and his drug dealing. The defense replied during closing that the prosecution had failed to establish any lavish lifestyle enjoyed by any defendants as a way to suggest that they were not guilty of the extensive drug trafficking with which they had been charged. Then, on rebuttal the prosecutor made the following remarks:

> I would suggest to you that any lifestyle built - - predicated solely on the misery and death of other people is the wrong kind of lifestyle. That's what heroin is. Any lifestyle she's living - - and the call that I'm going to talk about, I think, expressly tells you why I'm saying this. Any lifestyle she or he are living based on other people's misery is illegal.
>
> The point of selling drugs is to make money. The effect of selling drugs is killing people.

(Tr. at 4084-85).

{¶ 68} The prosecution had introduced no testimony regarding the health effects of heroin or drug dealing. It also had not introduced evidence to tie any drugs sold by any defendant to any overdose or other drug-related death. Thus, the prosecutor's argument assumed facts not in evidence and was, in that sense, arguably improper and somewhat inflammatory. Yet, we do not find it necessary to further address that point because we do not find prejudice to Burney's substantial rights. This was a single remark which was uttered one time in nearly 70 pages of closing argument by the state in the larger context of a four-week trial comprising a transcript of several thousand pages. Moreover, the content of the remark likely did not inject into the minds of the jurors any ideas with which they were not already acquainted concerning the illegal drug, heroin. Therefore, we overrule Burney's fourth assignment of error.

*State v. Burney, supra.*

The Sixth Circuit has articulated the relevant standard for habeas claims of prosecutorial misconduct:

> Prosecutorial misconduct justifies federal habeas relief only if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process" and resulted in prejudice. *Gillard v.*

13

> *Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).
>
> On habeas review, claims of prosecutorial misconduct are reviewed deferentially. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To be cognizable, the misconduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. (citation omitted). Even if the prosecutor's conduct was improper or even "universally condemned," *id*., we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair. Once we find that a statement is improper, four factors are considered in determining whether the impropriety is flagrant: (1) the likelihood that the remarks would mislead the jury or prejudice the accused, (2) whether the remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally presented to the jury, and (4) whether other evidence against the defendant was substantial. *See Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000). Under [the] AEDPA, this bar is heightened by the deference we give to the . . . [Ohio] Supreme Court's determination of . . . [Petitioner's] prosecutorial-misconduct claims. *See Macias v. Makowski*, 291 F.3d 447, 453-54 (6th Cir. 2002)("If this court were hearing the case on direct appeal, we might have concluded that the prosecutor's comments violated Macias's due process rights. But this case is before us on a petition for a writ of habeas corpus. So the relevant question is not whether the state court's decision was wrong, but whether it was an unreasonable application of clearly established federal law.").

*Bowling v. Parker*, 344 F.3d 487, 512-13 (6th Cir. 2003).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

14

The Magistrate Judge concludes the Tenth District's decision on this prosecutorial misconduct claim is neither contrary to nor an objectively unreasonable application of clear Supreme Court precedent. Although no evidence of the deadly effects of heroin trafficking was introduced at trial, as the Tenth District noted, such evidence was hardly necessary. The ubiquity of deaths from heroin overdoses as well as deaths from "drug wars" is sufficiently well known that it could probably be the subject of judicial notice[1]. The remark was not particularized to Burney as it would have been if the prosecutor had claimed a direct causal relationship between a drug dealing act of Burney and the death of some particular person. The remarks were certainly not extensive. There were no explicit calls for jurors to do their civic duty by joining the war against drugs.

Because the Tenth District's decision satisfies 28 U.S.C. § 2254(d)(1), it is entitled to deference. Ground Three should therefore be dismissed.

**Request for a Hearing**

At various points in his Reply (e.g. PageID 823, 829), Petitioner indicates he "seeks a hearing" on his claims. He does not inform the Court what sort of hearing he desires or believes he may be entitled to. Hearings in habeas corpus cases at which petitioners introduce evidence have been severely restricted by the Supreme Court. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Burney has not shown – indeed, he has not attempted to show – that he is entitled to an evidentiary hearing under *Pinholster*. If all Petitioner seeks is a respectful hearing of his arguments, this Report hopefully reflects he has already received that hearing. If some other hearing is sought,

---

[1] The New York Times for the date of filing this Report noted that 2021 had set a new record for overdose death; the last prior record was set in 2020.

Petitioner must specify what he seeks and why he is entitled.

**Conclusion**

Based on the foregoing analysis the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 13, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #