# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PERCY R. BURNEY, SR.,

      Petitioner,  :  Case No. 2:21-cv-3422

 - vs -  Chief Judge Algenon L. Marbley
      Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution,

        :

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On May 13, 2022, the undersigned recommended the Petition in this habeas corpus case be dismissed with prejudice (R&R, ECF No. 25). Petitioner appealed to Chief Judge Marbley (ECF No. 26) and then sought and received an extension of time to supplement the appeal (ECF No. 33). Chief Judge Marbley has now recommitted the case for reconsideration in light of the appeal (ECF No. 34).

**Juror Unanimity**

In his First Ground for Relief, Petitioner claims it is uncertain whether the jury verdict was unanimous. He asserts this requires vacating the conviction because a criminal defendant is entitled to a verdict that is not only unanimous, but certainly or undoubtedly unanimous.

At the time of post-verdict polling, Juror No. 7 undoubtedly expressed some uncertainty

1

about whether the returned verdict accurately represented her intentions. To resolve that uncertainty, the trial judge conducted a lengthy colloquy with her, after which he declared a mistrial on some counts where she continued to express reservations, but accepted the verdict on other counts.

Burney filed no motion for a hearing under Rule 8 of the Rules Governing 2254 Cases, but in the Report the Magistrate Judge noted "Petitioner indicates he 'seeks a hearing' on his claims." (ECF No. 25, PageID 844). The Report noted that this request did not state what sort of hearing was sought, but denied a hearing at which new evidence would be taken on the authority of *Cullen v. Pinholster*, 563 U.S. 170 (2011).

In the Appeal, Burney's first objection is "[t]he Magistrate Judge erred in not recommending a hearing on the issue raised pertaining to juror #7." Nothing is said about the nature of the desired hearing. Does Burney expect this Court to conduct a colloquy with Juror No. 7 and reach its own conclusions about whether the verdict was unanimous as to some or all of the counts on which he was convicted? The Report held that such a hearing was barred by *Pinholster, supra.* Burney makes no argument against that conclusion of law. In *Pinholster* the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered. *Id.* at 1399.

Burney's Appeal also does not discuss *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (May 23, 2022), decided after the Report was filed, but before the appeal. *Martinez Ramirez* strengthened the bar of *Pinholster* by holding a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel.

2

The Magistrate Judge remains persuaded this Court is not authorized to consider evidence on Burney's First Ground for Relief beyond what is already in the state court record.

The Report also held that Burney did not have a federal constitutional right to a unanimous verdict at the time of his trial.

> The jury returned its verdicts in this case on February 4, 2015 (State Court Record, ECF No. 10, Ex. 21). The United States Supreme Court did not extend the Sixth Amendment jury unanimity right to the States through the Fourteenth Amendment until *Ramos v. Louisiana*, 590 U. S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), overruling *Apodaca v. Oregon*, 406 U.S. 404 (1972). Moreover, it decided the next term that *Ramos* would not apply to cases on collateral review. *Edwards v. Vannoy*, 593 U.S. ___, 141 S. Ct. 1547 (2021).

(Report, ECF No. 25, PageID 836). Noting that Ohio has required unanimous criminal verdicts since 1853, the Report held that Ohio right was not enforceable in habeas corpus. *Id.*

The Appeal agrees with the general proposition that federal courts may not directly enforce state constitutional rights in habeas. He argues, however, that when a state law creates one of the interests protected by the Due Process Clause (life, liberty, or property), that interest may not be invaded without following due process of law. As a general proposition, this is well established. See, e.g., *Board of Regents v. Roth,* 408 U.S. 564 (1972). Petitioner's argument seems to be that Ohio law creates an interest in criminal jury unanimity which is protected by the Due Process Clause. No authority is cited for this proposition, but more fundamentally, no due process critique is offered of what actually was done here. Faced with a claim the verdict was not unanimous, the trial judge resolved that claim by patiently examining the juror who expressed doubts and settling them. Burney's apparent claim is that every time any juror expressed any doubt, the only constitutional way to resolve it is to declare a mistrial. There is no clearly established Supreme Court holding to that effect.

The Appeal also notes that in *Brown v. Davenport*, 596 U.S. ___, 142 S. Ct. 1510 (April 21, 2022), the Supreme Court held that where a state court has ruled on the merits of a state prisoner's claim, a federal court must apply both the AEDPA and *Brecht v. Abrahamson*, 507 U.S. 619 (1993), harmless error tests.   Burney asserts "[t]he issue [of juror unanimity] should be re-evaluated after *Brown v. Thompson, infra.*  The Magistrate Judge fails to see what applicability *Brown* could have.  No court to date has found trial court error which would require evaluation under either standard.

**Certificate of Appealability**

Burney's second objection is to the denial of a certificate of appealability.  The Report recommends denying a certificate of appealabiliy upon a finding that "reasonable jurists would not disagree with this conclusion [that the Petition should be dismissed with prejudice]"(Report, ECF No. 25, PageID 845).

Burney objects that a certificate should be issued because each of his claims has "an arguable basis in law." (Appeal, ECF No. 26, PageID 847).  But that is not the test.  If all that were required for a certificate of appealability, every habeas practitioner would have embedded in his template for objections the conclusory statement that the claims he has made have an arguable basis in law.  Indeed for an attorney to admit that the claims he has made do not have an arguable basis in law would be to admit he or she had violated Fed.R.Civ.P. 11in filing the Petition.

The Magistrate Judge believes that to prevail on a request for a certificate of appealability a habeas petitioner must show that there is some judge somewhere who has held a position reflecting petitioner's position on the law.  That Burney has not done.

**Prosecutorial Misconduct**

In his Third Ground for Relief, Burney claimed the State committed prosecutorial misconduct when the prosecutor claimed in closing argument that drug dealing kills people. Applying Sixth Circuit precedent, the Ohio Tenth District Court of Appeals held the comment did not rise to the level of unconstitutional misconduct. The Report concluded this was neither contrary to nor an objectively unreasonable application of Supreme Court precedent. As to the claim that no evidence had been submitted showing drug dealing kills people, the Report concluded:

> Although no evidence of the deadly effects of heroin trafficking was introduced at trial, as the Tenth District noted, such evidence was hardly necessary. The ubiquity of deaths from heroin overdoses as well as deaths from "drug wars" is sufficiently well known that it could probably be the subject of judicial notice1. The remark was not particularized to Burney as it would have been if the prosecutor had claimed a direct causal relationship between a drug dealing act of Burney and the death of some particular person. The remarks were certainly not extensive. There were no explicit calls for jurors to do their civic duty by joining the war against drugs.

(Report, ECF No. 25, PageID 844).

The Sixth Circuit has held:

> The relevant question in analyzing a claim for prosecutorial misconduct on habeas review is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (internal quotation marks omitted). To satisfy this standard, the conduct must be both improper and flagrant. *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006); *see also Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (noting that reversal is required if the prosecutor's misconduct is "so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant") (internal citation omitted). If conduct is found to be improper, four factors are then considered to determine whether the

> conduct was flagrant and therefore warrants reversal: "(1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant." *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005).

*Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008).

The prosecutor's comment here was not repeated and not in itself inflammatory. As the Report concluded, it is common knowledge that drug trafficking kills people. Under those circumstances it was not objectively unreasonable to concluded there was not reversible constitutional error here.

Burney argues "Inasmuch as this issue requires a finding as to whether the misconduct rises to the level of prosecutorial misconduct, a certificate of appealability ought to be issued." (Reply, ECF No. 33, PageID 861). That misstates the roles of the various courts included in the process. The trial court had to decide whether this was misconduct such as to require a mistrial. Then the Tenth District had to decide the same question. Our task in the first instance is not to decide if the comment is misconduct, but to decide whether the Ohio courts' determination that it was not is unreasonable. Petitioner asks for an appeal so the Sixth Circuit can decide the basic issue *de novo*. Appealability turns on whether reasonable jurists would disagree on evaluating these state court decisions, not in decided the underlying constitutional question.

**Defective Indictment**

In his Second Ground for Relief, Burney claims he was denied due process of law when the racketeering count of the Indictment did not list the predicate offenses on which the State intended to reply. The Tenth District found Burney's constitutional entitlement to know the

6

charges against him was satisfied by open discovery and other means of providing notice. Noting that the Grand Jury Clause of the Fifth Amendment has not been held incorporated into the Fourteenth, the Report agreed.

Burney admits he "was made aware of the charges against him, [but] without notice of the predicate offenses he was prejudiced and a writ of habeas corpus should issue." (Reply, ECF No. 33, PageID 861). But he admits he did get notice, just not in the indictment itself. In effect Burney seeks to impose rigid indictment pleading rules where more informal practices admittedly satisfied the notice function.

**Conclusion**

Having reconsidered the case in light of the objections, the Magistrate Judge against respectfully recommends the Petition be dismissed with prejudice and that a certificate of appealability be denied.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

June 29, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
