**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

PERCY R. BURNEY, SR.,

        Petitioner,     :     Case No. 2:21-cv-3422

 - vs -                           Chief Judge Algenon L. Marbley
                                   Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution,

                              :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought by Petitioner Burney with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 42) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 35) as well as his prior Objections (ECF No. 26; docketed as "Appeal") to the Magistrate Judge's original Report and Recommendations ("Original Report," ECF No. 25).

**Litigation History**

The Original Report recites the following history of this litigation:

> The relevant charges are in three different indictments. On March 14, 2017, the Franklin County Grand Jury indicted Burney in Case No. 14CR-1326 on one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code § R.C. 2923.32(Count 1); one count of Attempted Murder in violation of Ohio Revised

1

Code § R.C. 2923.02/2903.02, a first-degree felony with two firearm specifications and a Repeat Violent Offender (RVO) specification (Count 2); two counts of Felonious Assault in violation of Ohio Revised Code § 2903.11, second-degree felonies with two firearm specifications and a Repeat Violent Offender (RVO) specification (Counts 3-4); one count of Tampering with Evidence in violation of Ohio Revised Code § 2921.12, a third-degree felony with a firearm specification (Count 5); two counts of Trafficking in Heroin in violation of Ohio Revised Code § 2925.03, second-degree felonies with count 15 with a firearm specification (Counts 12 and 15); one count of Having Weapons While Under Disability in violation of Ohio Revised Code § 2923.13, a third-degree felony (Count 16); two counts of Trafficking in Heroin in violation of Ohio Revised Code § 2925.03, first-degree felonies with count 24 with a firearm specification (Counts 21, 24, 29 and 36); and two counts of Illegal Manufacture of Drugs in violation of Ohio Revised Code § 2925.04, second-degree felonies (Counts 22 and 37). (Indictment, Case No. 14CR-1326, State Court Record ECF No. 10, Exhibit 1).

On April 10, 2017, the Franklin County Grand Jury indicted Burney in 14CR-1824 on one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code § 2923.32, a first-degree felony (Count 1); one count of Possession of Heroin in violation of Ohio Revised Code § 2925.11, a second-degree felony with a firearm specification (Count 8); one count of Possession of Cocaine in violation of Ohio Revised Code § R.C. 2925.11, a third-degree felony with a firearm specification (Count 9); and six counts of Having Weapons While Under Disability in violation of Ohio Revised Code § 2923.13, third-degree felonies (Counts 10-15). (Indictment, Case No. 14CR-1824, State Court Record 10, Exhibit 3).

On May 30, 2017, the Franklin County Grand Jury indicted Burney in 14CR-2868 on one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code § 2923.32, a first-degree felony (Count 1)(Indictment, Case No. 14CR-2868, State Court Record, ECF No. 10, Exhibit 5).

After he was convicted by a jury on some but not all counts, Burney appealed to the Tenth District Court of Appeals which affirmed. *State v. Burney,* 2020-Ohio-504 (10th Dist. Feb. 13, 2020). The Supreme Court of Ohio declined jurisdiction of a subsequent appeal. *State v. Burney,* 159 Ohio St. 3d. 1408 (2020). Burney filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 on January 23, 2017 (Petition, State Court Record, ECF No.

> 10, Ex. 41). The Common Pleas Court denied the Petition and Burney did not appeal.
>
> Through counsel, Burney filed his habeas corpus petition in this Court on June 9, 2021.

(Original Report, ECF No. 25, PageID 830-32). Neither party has objected to the accuracy of this history.

Although Petitioner pleaded five grounds for relief in his Petition, he abandoned two of them and only argued the merits of the following three grounds in his Memorandum in Support:

> **Argument No.1:**
>
> A Trial Court Plainly Errs and Constitutionally Errs by Failing to Grant a Mistrial in the Face of Uncertainty and Contingency as to the whether the Jury Reached Unanimous verdicts.
>
> **Argument No. II:**
>
> A Trial Court Abuses its Discretion and Constitutionally Errs by Denying a Motion to Dismiss a Racketeering Charge for Failure to List which Offenses of R. C.2923.31(1)(2) are Alleged to Constitute the Defendant's Two or More Predicate Corrupt Activities.
>
> **Argument No. III:**
>
> A Trial Court Constitutionally Errs by Overuling [sic] a Motion for Mistrial when the Prosecutor States in Closing Argument that the "Effect of Selling Drugs is Killing People"

(Petition, ECF No. 1, PageID 16).

## Analysis

**Argument One: Uncertainty About Jury Unanimity**

In his First Ground for Relief, Burney claims the trial court should have granted a mistrial

as to all counts of conviction because it was uncertain that the jury had reached unanimous verdicts on all of them. When the jury was polled, only Juror No. 7 expressed doubts as to her agreement with some of the verdicts as to Burney and some as to a co-defendant. The trial judge conducted a lengthy colloquy with her and then granted a mistrial as to those counts on which she was uncertain she had concurred in the guilty verdict.

Burney raised this claim on direct appeal as his Fifth Assignment of Error asserting: "The Trial Court Plainly Erred and Constitutionally Erred by Failing to Order Mistrial on All Counts based upon Jury Member Pressure on Juror Seven." The Ohio Tenth District Court of Appeals overruled this assignment, quoting at length from the trial judge's colloquy with Juror Number Seven. *State v. Burney, supra*, ¶¶ 24-47. It concluded that the trial judge's actions were adequate to protect Burney's right under Ohio law to a unanimous verdict on the counts of conviction, reviewing those actions under an abuse of discretion standard. *Id.* at ¶ 47. There was no discussion of any federal constitutional right to a unanimous verdict.

The Original Report noted that jury unanimity had not been recognized as a federal constitutional right until after the appellate decision in this case (ECF No. 25, PageID 836, citing *Ramos v. Louisiana*, 590 U. S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), overruling *Apodaca v. Oregon*, 406 U.S. 404 (1972); *Edwards v. Vannoy*, 593 U.S. ___, 141 S. Ct. 1547 (2021)). Although unanimity was required by the Ohio Constitution, the Original Report noted that federal habeas courts can only enforce federal constitutional rights. *Id.*

In his Objections to the Original Report, Burney argued the Magistrate Judge should have held some sort of hearing on this claim, but did not specify what sort of hearing or discuss how such a hearing could be done in light of *Cullen v. Pinholster*, 563 U.S. 170 (2011), and *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022)(Supplemental Report, ECF No. 35,

4

PageID 865).

In his Objections to the Supplemental Report, Burney turns away from his jury unanimity claim to a generalized fair trial claim:

> Petitioner argues that he should have been entitled to a mistrial on all counts, not only because the verdicts were not unanimous but because of the prejudicial pressure applied to Juror No. 7 without the trial court investigating the source of the pressure or determining to what means other jurors were pressured if any concerning his right to a fair trial.

(ECF No. 42, PageID 900-01.)  Petitioner never sought such a hearing in the trial court, never complained of the lack of a hearing on direct appeal, and never asserted a right to such a hearing in these proceedings until this set of Objections.  There is absolutely no suggestion the jurors were subjected to any extraneous pressure and evidence of internal pressure would have been severely limited by the *aliunde* rule.  In any event new habeas claims asserted at the objection stage are not entitled to consideration.  A district court may properly decline to review a claim a petitioner raises for the first time in his traverse or reply, much less at the objection stage.  *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

The Objections criticize the Supplemental Report for not addressing "Petitioner's claim that he was deprived of a fundamental right to a fair trial." (ECF No. 42, PageID 901).  Petitioner follows with a number of pages in which he accuses other jurors of "biasness" because they made Juror No. 7 feel "pressured."  Burney presents no evidence and has not made a claim that any biased juror was seated.  The fact that all jurors except Number 7 were persuaded by the evidence does not in any way show they were "biased" before they heard the evidence.  Burney asserts the trial court should have held a post-trial hearing to determine if there was extraneous influence on the jury, citing *Remmer v. United States*, 347 U.S.227, 230 (1954), and *Smith v. Phillips*, 455 U.S. 209, 215 (1982).  But he points to no evidence of any such extraneous influence and never moved for

a *Remmer* hearing.

Turning back to the hearing sought in this Court and responding to the Report's citation of *Pinholster*, Burney states:

> Notably, Petitioner's request for a hearing would not revolve around new evidence, and would center around a review of the established record, for this court to look at the trial courts handling of juror #7's allegations of internal juror tampering. The hearing would give the court an opportunity to review the record, allow Petitioner and Respondent to layout points of view for the courts consideration, to answer the question of if the court constitutionally erred in not investigating the source or extent of the pressure applied to juror # 7 or to the other jurors.

(Objections, ECF No. 42, PageID 908-09). But the Court has already had and exercised that opportunity. The full transcript of the colloquy with Juror No. 7 as well as the Tenth District's review of it is before this Court and has been reviewed in the Magistrate Judge's Report and Supplemental Report.

Petitioner's objections as to his first Argument are overruled and the Magistrate Judge's recommendation is adopted.

**Argument No. II: Defective Indictment**

In his Second Argument, Burney claims the trial judge both abused his discretion and "constitutionally err[ed]" when he did not dismiss a racketeering charge for its failure to list which violations of Ohio Revised Code § 2923.31 were alleged to constitute predicate corrupt activities.

The Original Report noted that Burney had not argued this claim as a federal constitutional claim on direct appeal, but rather that it violated Ohio precedent on required pleading (ECF No. 25, PageID 841, citing Burney's reliance on *State v. Buehner,* 110 Ohio St.3d 403 (2005)). The Tenth District rejected this claim, finding that the trial court satisfied *Buehner*. *State v. Burney* at

6

¶ 55. The Original Report also noted that the Supreme Court had not extended the Fifth Amendment grand jury guarantee to the States (ECF No. 25, PageID 840).

Burney objected that while he did get notice of the charges against him, failure to include them in the indictment prejudiced him. The Supplemental Report found that this satisfied the constitutional requirement of fair notice.

Burney again objects, relying largely on *Hamling v. United States*, 418 U.S. 87 (1974). *Hamling*, however, is not a case setting forth what notice must be given to a criminal defendant as a matter of due process, but a specific interpretation of the Fifth Amendment indictment clause, and relies entirely on federal precedent. Because Burney has not shown any way in which the Tenth District's decision was an objectively unreasonable application of relevant Supreme Court precedent (i.e. precedent not involving specific interpretation of the indictment clause), the Tenth District's decision is entitled to deference under 28 U.S.C. § 2254(d)(1).

Burney's Objections as to his second argument are overruled and the Magistrate Judge's recommendation is adopted.

**Argument Three: Prosecutorial Misconduct**

In his Third Argument, Burney asserts "A Trial Court Constitutionally Errs by Overruling [sic] a Motion for Mistrial when the Prosecutor States in Closing Argument that the "Effect of Selling Drugs is Killing People."

Burney raised this claim as his fourth assignment of error on direct appeal and the Tenth District decided it as follows:

> {¶ 68} The prosecution had introduced no testimony regarding the health effects of heroin or drug dealing. It also had not introduced

> evidence to tie any drugs sold by any defendant to any overdose or other drug-related death. Thus, the prosecutor's argument assumed facts not in evidence and was, in that sense, arguably improper and somewhat inflammatory. Yet, we do not find it necessary to further address that point because we do not find prejudice to Burney's substantial rights. This was a single remark which was uttered one time in nearly 70 pages of closing argument by the state in the larger context of a four-week trial comprising a transcript of several thousand pages. Moreover, the content of the remark likely did not inject into the minds of the jurors any ideas with which they were not already acquainted concerning the illegal drug, heroin. Therefore, we overrule Burney's fourth assignment of error.

*State v. Burney, supra*, at ¶ 68.

The Original Report noted that to prevail on this claim, Burney had to show it was an objectively unreasonable application of clearly established Supreme Court precent and Burney had failed to meet that standard (ECF No. 25, PageID 842-44).

In his Objections, Burney asserted we should pass the question of whether the comment constitutes misconduct to the Sixth Circuit by issuing a certificate of appealability.  The Supplemental Report rejected that suggestion as an abdication of this Court's duty to decide applicable questions of law (ECF No. 35, PageID 869).  Objecting to the Supplemental Report, Burney abandons his idea of passing the issue on to the Sixth Circuit.  But he then asks this Court to decide the issue *de novo*.  Because the Tenth District decided this claim on the merits, Petitioner's burden is to show that the appellate court's decision is contrary to or an unreasonable application of Supreme Court precedent.  The Objections cite not a single Supreme Court decision and make no attempt to meet the § 2254(d)(1) standard.

Petitioner's Objections as to Argument Three ae overruled and the Magistrate Judge's recommendation is adopted.

8

**Conclusion**

Having considered Petitioner's Objections as required by Fed.R.Civ.P. 72(b), the Court finds they are without merit and they are overruled. The Magistrate Judge's recommendation for dismissal of the Petition is adopted and the Clerk will enter judgment dismissing the Petition with prejudice.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 3, 2023**